UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:20-cr-00259-JLB-CPT

EDUIN AUGUSTO VALENCIA ESTUPINAN
_________________________________/

**ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 127), recommending that Defendant's Motion to Dismiss Pursuant to the Speedy Trial Act and Sixth Amendment (Doc. 48) be **DENIED.** Defendant filed an Objection (Doc. 129). Upon careful consideration of the record, the Court **OVERRULES** Defendant's Objection (*id.*), **ADOPTS** the Report and Recommendation (Doc. 127), and **DENIES** Defendant's Motion to Dismiss Pursuant to the Speedy Trial Act and Sixth Amendment (Doc. 48).

**BACKGROUND**

On September 2, 2020, Defendant was charged in a two-count indictment with knowingly and willfully combining, conspiring, and agreeing with others, including persons who were on board a vessel subject to the jurisdiction of the United States and who first entered the United States at a place in the Middle District of Florida, to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause

to believe that such cocaine would be imported into the United States. (Doc. 1 at 1–2).

Defendant was subsequently arrested on or about December 13, 2024, and had his first appearance in the Middle District of Florida on November 20, 2025. (Doc. 48 at 6).

On December 22, 2025, Defendant moved to dismiss the Indictment (Doc. 1), arguing that because he was indicted in September of 2020, the speedy trial clock had expired. (Doc. 48 at 4–9). In his motion, Defendant argued that he was available and not avoiding apprehension between the time of the Indictment (Doc. 1) and his arrest. (Doc. 48 at 5). Defendant also claimed that the government failed to diligently make efforts to effectuate his arrest. (*Id.* at 6–8). For these reasons, Defendant argued, the delay between the Indictment (Doc. 1) and his arrest should not be attributable to Defendant. (Doc. 48 at 7). Defendant also alleged that he suffered prejudice because the delay rendered it "exceptionally difficult" for Defendant to collect evidence and locate witnesses. (*Id.* at 8).

The Magistrate Judge held an evidentiary hearing on Defendant's motion on June 30, 2026 (Doc. 108), where he ordered the parties to submit proposed findings of fact and conclusions of law. (Doc. 102). The parties filed their respective proposed findings of fact and conclusions of law. (Doc. 115; Doc. 117).

After the hearing, the Magistrate Judge entered a Report and Recommendation (Doc. 127), recommending that the Court deny Defendant's motion (Doc. 48). To determine whether the delay deprived Defendant of his right to a

speedy trial, the Magistrate Judge relied on the factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972). (Doc. 127 at 9–10). Using this analytical framework, the Magistrate Judge concluded that the delay in this case did not violate Defendant's rights. (*Id.* at 14–24).

The Magistrate Judge made several findings to support this conclusion. The Magistrate Judge found that the testimony of Agent Satchwell, who testified on behalf of the government at the evidentiary hearing, was credible. (*Id.* at 1, 16 n.2, 19–20). Considering the reasons for the delay in Defendant's arrest, the Magistrate Judge determined that the government had made a good-faith effort to locate Defendant and effectuate his arrest. (*Id.* at 15–21). The Magistrate Judge also found that "ample credible evidence" demonstrated Defendant's attempts to evade capture by law enforcement. (*Id.* at 17–19, 21–22).

Lastly, the Magistrate Judge concluded that Defendant's allegations of prejudice resulting from the delay were conclusory and insufficient to demonstrate actual prejudice. (*Id.* at 22–23).

On November 16, 2026, Defendant filed an Objection (Doc. 129) to the Magistrate Judge's Report and Recommendation (Doc. 127).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

"[O]bjections to a magistrate judge's recommendation and report must be 'specific' and 'clear enough to permit the district court to effectively review the magistrate judge's ruling.'" *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019) (quoting *U.S. v. Schultz,* 565 F.3d 1353, 1360 (11th Cir. 2009)). If the objecting party does not "file specific objections to *factual findings* by the magistrate judge, there [is] no requirement that the district court *de novo* review those findings." *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

**DISCUSSION**

The Report and Recommendation was entered on November 1, 2026. (*See* Doc. 127). The Report and Recommendation warned the Defendant that if he did not file a written objection within fourteen days of the Report and Recommendation's filing, then he would waive his right to challenge on appeal any unobjected-to factual findings or legal conclusions adopted by this Court. (*Id.* at 24 (citing 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)). Defendant filed his objections on November 16, 2026, one day after the fourteen-day deadline. (*See* Doc. 129).

The Court will exercise its discretion and accept these objections as timely. *See DeBoskey v. SunTrust Mortg., Inc.*, No. 14-CV-1778, 2018 WL 6168125, at *1 (M.D. Fla. Nov. 26, 2018) (considering the defendant's objections after noting that the defendant untimely filed his objections one day after the deadline).

Defendant objects to "all of the findings of facts and conclusions of law as determined in the Report and Recommendation." (Doc. 129 at 1). This broad objection is overruled for lack of specificity. *See Knezevich*, 761 F. App'x at 906;

*United States v. Staley*, No. 23-CR-228, 2023 WL 8520783, at *2 (M.D. Fla. Dec. 8, 2023) (overruling a defendant's "general objection" to "the entirety of the [r]eport and [r]ecommendation" because it was "neither specific nor clear enough to permit the Court to effectively review the [report and recommendation]").

Beyond this general objection, Defendant lodges several more specific objections to the factual findings and legal conclusions outlined in the Report and Recommendation. (Doc. 129). The Magistrate Judge addressed and rejected these arguments in his Report and Recommendation (Doc. 127), and the Court agrees with those findings.

The majority of Defendant's Objection (Doc. 129) centers on the factual findings used to inform the Magistrate Judge's analysis of whether the delay violated Defendant's Sixth Amendment right to a speedy trial. As explained by the Magistrate Judge, the relevant factors to consider are (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial rights; and (4) the prejudice to the defendant. (Doc. 127 at 9 (citing *Barker*, 407 U.S. at 530–32)).

Defendant objects to the factual findings underlying the Magistrate Judge's analysis of the first, second, and third *Barker* factors. (Doc. 129 at 1–4).

Defendant argues that the evidence offered by Agent Satchwell's testimony was unreliable and that the Magistrate Judge lacked credible evidence to determine that the government had engaged in a good-faith, diligent effort to locate Defendant. (*Id.* at 1–4). The Magistrate Judge incorporated the findings of fact

related to these issues into his analysis of the first and second *Barker* factors. (Doc. 127 at 14–21).

Defendant also argues that "no competent evidence" supported the Magistrate Judge's finding that Defendant "moved about stealthily" or "moved from place to place to elude the authorities." (Doc. 129 at 2, 4). This factual finding was relevant to the Magistrate Judge's analysis of the first, second, and third *Barker* factors. (Doc. 127 at 19–22).

The Court agrees with the Magistrate Judge's findings of fact and characterizations of evidence. The Magistrate Judge based his findings of fact on a careful "assessment of the weight of the evidence offered by the parties." (*Id.* at 1). The Magistrate Judge expressly found that Agent Satchwell's testimony was reliable (*Id.* at 16–17, 16 n.2, 19–20), that the government diligently searched for Defendant (*Id.* at 14–18, 21), and that Defendant attempted to evade law enforcement (*Id.* at 16, 19, 21–22). Moreover, the Magistrate Judge's conclusions with respect to these issues are supported by the record. (*See* Doc. 108 at 11–13, 18–46, 88–90, 94, 99–100).

As such, the Court agrees with the Magistrate Judge and finds no reason to disturb his findings. *See United States v. Marin*, No. 19-CR-488, 2020 WL 6537383, at *2 n.6 (M.D. Fla. Nov. 6, 2020) (finding that no "sufficient basis to disturb the magistrate judge's findings" existed where it was "apparent from the report and recommendation that the magistrate judge considered the evidence presented and made determinations based on the totality of the circumstances").

Lastly, Defendant objects to the Magistrate Judge's findings as to the fourth *Barker* factor. Defendant contends that he is unable to specifically determine how the delay has resulted in prejudice at this stage of the proceedings. (Doc. 129 at 5–6). In lieu of a more specific allegation of prejudice, Defendant reasserts the claims of prejudice that the Magistrate Judge found conclusory and insufficient. (Doc. 127 at 22–23; Doc. 129 at 5–6). Defendant claims that the delay "has adversely impacted his ability to adequately prepare for trial," that Agent Satchwell's "memory faded through the passage of time," and that the delay has made it "exceptionally difficult for the Defendant to collect evidence and locate witnesses." (Doc. 129 at 5–6 (quoting Doc. 117 at 6–7)).

Upon *de novo* review, the Court agrees with the Magistrate Judge's finding that these allegations are "insufficient to establish actual prejudice." (Doc. 127 at 22 (quoting *United States v. Palanco*, No. 24-10257, 2025 WL 1024791, at *9 (11th Cir. Apr. 7, 2025)). Defendant cites no case law to support the proposition that the Magistrate Judge should have considered his difficulty in identifying specific forms of prejudice at this stage of the proceedings, and the Eleventh Circuit is clear that "mere conclusory allegations are insufficient to establish actual prejudice." *See United States v. Machado*, 886 F.3d 1070, 1082 (11th Cir. 2018). For these reasons, the Court overrules Defendant's objections with respect to this issue.

## CONCLUSION

Here, after an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation (Doc. 127) is due to be adopted.

Accordingly, it is **ORDERED**:

(1) Defendant's Objection (Doc. 129) is **OVERRULED.**

(2) The Report and Recommendation of the Magistrate Judge (Doc. 127) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(3) Defendant's Motion to Dismiss Pursuant to the Speedy Trial Act and Sixth Amendment (Doc. 48) is **DENIED.**

**ORDERED** in Tampa, Florida, on November 19, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE